

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**FILED**

MAR - 4 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

KATHLEEN LAY, )
) 
Plaintiff, ) Case No.
)
v. ) Attorney Lien Claimed
) **CJ-2015-00876**
KAISER – FRANCIS OIL COMPANY, )
) DANA LYNN KUEHN
Defendant. )

## PETITION

COMES NOW the Plaintiff, Kathleen Lay, by and through her attorney of record, Daniel E. Smolen, of Smolen, Smolen & Roytman, PLLC, and brings this action against the Defendant, Kaiser – Francis Oil Company, for violations of her constitutionally protected rights arising out of her employment and termination by said Defendant.

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff is a resident of Tulsa County, Oklahoma.

2. Defendant, Kaiser – Francis Oil Company, is a foreign for profit business corporation regularly conducting business in Tulsa County, State of Oklahoma, and employs more than fifteen (15) people.

3. The incidents and occurrences which form the basis of Plaintiff's action occurred in Tulsa County, State of Oklahoma.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining of discrimination based on age. A Notice of Right to Sue was received by Plaintiff on December 8, 2014, and this Petition has been filed within ninety (90) days of the receipt of the Notice. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

1

EXHIBIT 1

5.  This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

6.  Plaintiff brings this action for damages under the ADEA, providing for relief against discrimination in employment on the basis of age.

7.  Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 216(b).

8.  Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.*

## FACTS COMMON TO ALL CLAIMS

9.  Plaintiff incorporates as if realleged the preceding paragraphs.

10. Plaintiff was hired by Defendant on May 17, 2007 as a JIB Accountant, managing the El Reno district. She received positive performance reviews throughout her employment with Defendant and was never formally disciplined prior to her termination.

11. Plaintiff is a fifty-seven year old female.

12. In August 2013, Mr. Chance Turnbull, a 27 year old male, was promoted to the JIB department. At the time of his arrival, Mr. Turnbull shared with the Plaintiff that the Kaiser-Francis controller, Mr. John Vinson, said that Kaiser "needed a younger staff."

13. Prior to Mr. Turnbull's arrival, the Plaintiff's district of El Reno was growing and strong under her management. Then, in November or December 2013, the Plaintiff's supervisor, Mr. David Cox, called her into his office and advised her that he was giving the El Reno district to Mr. Turnbull, and that the Plaintiff would be reassigned to Mr. Turnbull's smaller, less complex, district. This reassignment was made over the Plaintiff's objections.

14. The Plaintiff was forced to train Mr. Turnbull how to manage the El Reno district, including such tasks as managing manual invoices, saltwater disposal charges for all districts, and special payments to land owners. The Plaintiff was advised that she should support Mr. Turnbull with any and all questions that he might have, and assist in resolving problems that he might run into. The Plaintiff finished training Mr. Turnbull in March 2014.

15. On May 9, 2014, the Plaintiff was called on the phone by her supervisor, Mr. Cox, and asked to join him and the Human Resources Manager, Mr. Derek Opfer, in a meeting. When the Plaintiff arrived, she was advised that she could no longer work for the Defendant. The Plaintiff repeatedly inquired as to the reason for the decision, but was never given an answer. Neither Mr. Cox, nor Mr. Opfer, would look at the Plaintiff while terminating her employment, and eventually Mr. Opfer simply stated, "I'm leaving," and walked out of the room.

16. The Defendant's own policies require that an exit interview be conducted with a terminated employee, yet the Plaintiff was never afforded this opportunity. Rather, she was sent back to her cubicle to clean out her desk in front of another Human Resources employee, and in front of her colleagues.

17. Plaintiff believes that she was treated differently and terminated based upon her age in violation of the Age Discrimination in Employment Act of 1967.

### FIRST CLAIM FOR RELIEF
### Disparate Treatment and Termination on the Basis of Age in Violation of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* (the "ADEA")

18. The preceding paragraphs are incorporated herein by reference.

19. The foregoing conduct violates the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.*

20. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to job assignments, training, discipline, benefits, and termination in violation of the ADEA.

21. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

22. Defendant committed the act alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

23. Upon information and belief, Plaintiff's termination was motivated in substantial part by her age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Injunctive relief;
f. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought in excess of 75,000.00 including, but not limited to, appropriate loss earnings and insurance premiums, with pre-judgment interest, and compensation for past and future pecuniary losses, including out-of-pocket losses suffered by Plaintiff because of the unlawful

discrimination, in an amount to be determined at trial. Plaintiff also requests this Court order Defendant to pay compensatory and punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial. Finally, Plaintiff requests this Court grant reasonable attorney's fees and equitable relief and such further relief as the Court deems necessary and proper.

           Respectfully submitted,

           Daniel E. Smolen, OBA# 19943
           SMOLEN, SMOLEN & ROYTMAN, PLLC
           701 South Cincinnati Avenue
           Tulsa, OK 74119
           P: (918) 585-2667
           F: (918) 585-2669
           E-mail: danielsmolen@ssrok.com
           *Attorney for Plaintiff*