## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHLEEN LAY, | ) |
| Plaintiff, | ) Case No. 15-CV-330-TCK-FHM |
| v. | ) |
| KAISER – FRANCIS OIL COMPANY, | ) |
| Defendant. | ) |

### PLAINTIFF'S UNOPPOSED MOTION TO VOLUNTARILY DISMISS HER CLAIMS AGAINST DEFENDANT WITH PREJUDICE

**COMES NOW** Plaintiff, Kathleen Lay ("Plaintiff" or "Ms. Lay"), and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, respectfully moves this court to enter an Order dismissing this action against Defendant Kaiser-Francis Oil Company ("Defendant" or "KFOC") with prejudice. In support of this Motion, Plaintiff shows the Court as follows:

1. Plaintiff filed this action on March 4, 2015, in Tulsa County District Court (*See* Tulsa Country District Court Case No. CJ-2015-876). Defendant removed the action to this Court on June 11, 2015. *Se*e Dkt. 2.

2. Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper." "'The rule is designed primarily to prevent voluntary dismissals which ***unfairly affect*** the other side, and to permit the imposition of curative conditions.'" *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). "'***Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal***.'" *Brown*, 413 F.3d at 1123 (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir, 1997)) (emphasis added); *See also Stern v. Barnett*, 452 F.2d 211,

213 (7th Cir. 1971) ("In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice…").

3. "Legal prejudice" is a high hurdle that Defendant cannot clear. Indeed, courts in this Circuit have found no legal prejudice to a defendant even where dismissal was sought for "tactical advantage" or for the purpose of proceeding in state court. *See, e.g. Gassaway v. Kansas Gas Service LLC*, 2013 WL 593662, 2 (D.Kan.2013) ("Despite the potential for forum shopping, the Tenth Circuit has held that insufficient for the court to find prejudice to the defendants.") Nevertheless, Plaintiff seeks no such tactical advantage in filing the present Motion.

4. Counsel for Defendant has indicated that Defendant is unopposed to the dismissal but would not agree to a joint dismissal.

5. Moreover, Defendant has not filed any claims against Plaintiff. Thus, the dismissal of Plaintiff's claims against Defendant will not deprive Defendant of any causes of action or requests for relief. Simply put, the dismissal of Plaintiff's claims will not impose *any* legal prejudice on Defendant.

WHEREFORE, premises considered, Plaintiff respectfully requests that this Court enter an Order dismissing Plaintiff's claims against Defendant with prejudice, with each party to bear its own attorneys' fees and costs.

Respectfully submitted,

s/Daniel E. Smolen_____
Daniel E. Smolen, OBA #19943
danielsmolen@ssrok.com
SMOLEN SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone:  (918) 585-2667
Fax:  (918) 585-2669
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2016, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

s/Daniel E. Smolen_____